UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DEREK RAYMOND FRANKS,

        *Plaintiff*,                        **ORDER ADOPTING REPORT AND RECOMMENDATION**

  -against-

CITY OF NEW YORK, PO DANIELLE DONOGHUE,
PO MICHELE MAZZA, PO FRANK MUIRHEAD, PO    13-CV-6254(KAM)(RER)
ROBERT WOODHOUSE, SGT BEKIM KALIKOVIC,
RETIRED PO MICHAEL DAVIS, FDNY JOHN
DOE, EMS JOHN DOE,

        *Defendants*.
----------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge**:

        Presently before the court is the Report and Recommendation of United States Magistrate Judge Ramon E. Reyes, Jr., filed on January 4, 2017, recommending that defendants' motion for summary judgment should be granted. (ECF No. 44, Report and Recommendations re Motion for Summary Judgment dated 1/4/2017 ("R&R") at 1.) Plaintiff timely raises the instant objections to the R&R's recommendation that the court grant summary judgment. (ECF No. 47, Objection to Report and Recommendations to grant summary judgment, dated 3/2/2017 ("Pl. Obj.").) Defendants have not objected to the R&R and have not responded to plaintiff's objections. The court has undertaken a comprehensive *de novo* review of the R&R and the record in light of plaintiff's written objections pursuant to 28 U.S.C. §

636(b)(1)(C). For the reasons set forth below, the court adopts and affirms the R&R in its entirety.

**Background**

*Pro se* plaintiff Derek Franks commenced the instant action on November 8, 2013, pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging, *inter alia*, excessive force and failure to intervene in connection with his arrest on November 8, 2010, against the City of New York (the "City"), Police Officer Danielle Donoghue ("Officer Donoghue"), Police Officer Michele Mazza ("Officer Mazza"), Police Officer Frank Muirhead ("Officer Muirhead"), and Police Officer Robert Woodhouse ("Officer Woodhouse"), and by amended complaint on May 19, 2014, plaintiff added defendants Sergeant Bekim Kalikovic ("Sergeant Kalikovic"), retired Police Officer Michael Davis ("Officer Davis"), "FDNY John Doe" and "EMS John Doe" (the "John Doe defendants") (all defendants are collectively designated "defendants"). (*See* ECF No. 1, Complaint, dated 11/8/2013; ECF No. 20, Supplemental Complaint / "Amendment of Claim," dated 5/19/2014.) The court presumes familiarity with the underlying facts and procedural history as set forth in greater detail in the R&R, and which the court adopts and incorporates herein, based on its *de novo* review of the record. (*See* R&R at 1-3.)

2

On January 6, 2016, defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"). (*See* ECF No. 36, Motion for Summary Judgment; ECF No. 37, Declaration re Motion for Summary Judgment ("Def. Decl."); ECF No. 38, Rule 56.1 Statement of Undisputed Facts ("Def. 56.1 Stmt."); ECF No. 40, Memorandum in Support of Motion for Summary Judgment ("Def. Mem.").) Plaintiff opposed defendants' motion on March 2, 2016 (ECF No. 41, Memorandum in Opposition re Motion for Summary Judgment ("Pl. Opp.")), and defendants filed a reply on March 18, 2016. (ECF No. 42, Reply in Support of Motion for Summary Judgment ("Def. Repl.").) On October 7, 2016, this court referred the instant motion to Judge Reyes for an R&R. (*See* Order Referring Motion, dated 10/7/2016.)

On January 4, 2017, Judge Reyes issued an R&R recommending that the court grant defendants' motion for summary judgment. The R&R notified the parties that any objections to the R&R must be filed within fourteen days of receipt of the R&R. (R&R at 6-7.) On March 2, 2017, after seeking and obtaining an extension of time to file objections, plaintiff filed his objections to the R&R, requesting that this court deny defendants' motion for summary judgment. (*See* Pl. Obj. at 2.) Defendants did not respond to plaintiff's objections.

**Discussion**

For the reasons set forth below, upon review of the R&R and the instant objections, as well as a comprehensive *de novo* review of the applicable law and the underlying record, including the court docket, the amended complaint, defendants' motion for summary judgment, plaintiff's opposition, and the related declarations and exhibits, the court affirms and adopts the R&R in its entirety.

I. **Standards of Review**

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where "no or merely perfunctory objections" to the Report and Recommendation have been filed, however, the district court reviews for clear error. *Caires v. Jp Morgan Chase Bank N.A.*, No. 16-cv-2694, 2017 WL 384696, at *1 (S.D.N.Y. January 27, 2017). The district court is permitted "to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *S.E.C. v. Nadel*, No. 11-cv-215, 2016 WL 4718188, at *2 (E.D.N.Y. September 9, 2016) (citations omitted).

Although a *pro se* party's objections are "generally accorded leniency" and should be construed to "raise the strongest arguments that they suggest," *Milano v. Astrue*, No. 05-cv-6527, 2008 WL 4410131, at *2 (S.D.N.Y. September 26, 2008) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)), a *pro se* party's objections "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-cv-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd,* 367 F. App'x 210 (2d Cir. 2010) (citations and internal quotation marks omitted); *see also Leibovitz v. City of New York*, No. 14-cv-3297, 2016 WL 1189526, at *1 (S.D.N.Y. March 21, 2016) ("Although [t]he objections of pro se parties are 'generally accorded leniency and should be construed to raise the strongest arguments that they suggest[,] ... even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.") (internal citations and quotation marks omitted) (alterations in original).

## II. Plaintiff's Objections

Plaintiff asserts a general objection to the R&R's recommendation that summary judgment be granted, and contends that summary judgment should be denied because certain evidence, namely a "four minute fifty-six second video" and "written statements from [his] witnesses" demonstrate issues of material fact. (Pl. Obj. at 2.) Although plaintiff does not specifically object to any particular recommendations or underlying rationale discussed in the R&R, the court construes plaintiff's objections to raise the strongest argument they suggest and reviews the R&R and underlying record *de novo*.

In his instant objections, plaintiff claims that he has evidence, including a video, written witness statements, and medical records, which he also provided to defendants during discovery. (Pl. Obj. at 2.) However, the court has no record that such evidence was produced, and plaintiff did not include any of the aforementioned evidence in his opposition to defendants' summary judgment motion or in his objections to the R&R. Although a court must resolve all ambiguities and draw all reasonable inferences against the moving party, *see Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 83 (2d Cir. 2001) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)), *cert. denied,* 534 U.S. 1065 (2001), "the nonmoving

6

party may not rest upon mere conclusory allegations or denials" in opposing a motion for summary judgment. *Castro v. Cnty. of Nassau*, 739 F. Supp. 2d 153, 165 (E.D.N.Y. 2010) (citing *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984)). Further, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Jordan v. Sheehy*, 559 F. App'x 77, 78 (2d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

Here, although plaintiff has alluded to a video and witness statements at various points in time, he has failed to "come forward with admissible evidence sufficient to raise a genuine issue of fact for trial." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). As Judge Reyes noted in the R&R, plaintiff is equivocal at best regarding the facts that would be shown by the video. (*See* R&R at 3.) In plaintiff's sworn deposition testimony, he described repeatedly turning his body and trying to roll over, and trying to roll under the van, while police officers attempted to place both of his hands in handcuffs, during which time he claims to have been hit in the face by the police. (ECF No. 43, Deposition Transcript ("Tr.") 123:4-12.) When asked whether the police continued to strike him after they were able to place both of plaintiff's hands in

7

handcuffs, plaintiff testified, "the police, I don't remember them beating me with handcuffs -- with both hands tied," and stated that he was "not sure" if the video showed the firefighters kicking him after he was restrained. (Tr. 123:19-124:3.) Plaintiff further testified during his deposition that the officers were instructing him to put his arm behind his back while using force for "the whole four minutes and fifty-six seconds" of the video, during which the officers physically attempted to place handcuffs on both of plaintiff's hands. (Tr. 96:4-14.)

Plaintiff, however, contradicts his sworn deposition by stating in his instant objections that "while being struck by the defendants it [is] clearly visible (on video) I was fully restraint in [sic] no longer able to attempt to shield my face from being hit." (Pl. Obj. at 2.) Plaintiff's contradictory unsworn statements, proffered in support of his objections to the R&R, do not present a sufficient ground to deny summary judgment. *See Clayborne v. OCE Business Servs.*, 381 F. App'x 32, 35 (2d Cir. 2010) (finding that a party may not "create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony") (quoting *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d

8

Cir. 1996)); *Herzfeld v. JPMorgan Chase Bank, N.A.*, 354 F. App'x 488, 488-89 (2d Cir. 2009) ("[F]actual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts [plaintiff's] own prior deposition testimony.") (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

In addition, upon *de novo* review of the record, the court adopts and affirms Judge Reyes's recommendation that there is no disputed issue of material fact with respect to plaintiff's claims of excessive force and failure to intervene. With respect to plaintiff's claim of excessive force, it is well-settled that "not every push or shove" constitutes excessive force in violation of the Fourth Amendment. *See Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). In assessing whether the use of force is excessive, courts consider "(1) the nature and severity of the crime leading to the arrest, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Id.; see also Crowell v. Kirkpatrick*, 400 F. App'x 592, 594 (2d Cir. 2010).

9

In addition, courts review the record from the perspective of "a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*

Applying the above considerations, the court finds that it was objectively reasonable for defendants to exercise force to restrain plaintiff, and that the force utilized was not excessive under the circumstances. It is undisputed that despite being asked by police officers to step away from the ambulance area onto the sidewalk, plaintiff stepped closer to the ambulance in order to continue taking down a phone number being shouted by his friend, while the police and EMTs were attempting to transport his friend in the ambulance to the hospital. (Def. 56.1 Stmt. at ¶¶ 4-5; Pl. Opp. at 1; Tr. 91:1-20.) In addition, it is undisputed that after plaintiff was told by the officer to step back, he again approached the ambulance and was then told by a police officer that he was being handcuffed for the police officers' safety, and that plaintiff nonetheless continued to resist being handcuffed by keeping his arm by his side, repeatedly turning and rolling his body, and asking what he did wrong. (Def. 56.1 Stmt. at ¶¶ 6-7; Pl. Opp. at 1; Tr. 91:10-20, 92:16-93:18.)

Although plaintiff has explained in his deposition that he was physically unable to move his left arm behind his

back due to a prior injury, there is no evidence that he advised the officers of this limitation as they attempted to place him in handcuffs. Instead, plaintiff continued turning his body, while standing and after the officers brought him to the ground, in order to ask why he was being arrested and to avoid physical force. (Tr. 93:16-94:16, 122:1-123:8.) The court finds that, from the perspective of the defendant officers at the time of the incident, a 6'3 and 240 pound man, who had just defied a police order to step away, engaged in physical contact with officers attempting to place him in handcuffs, and resisted arrest without explanation. *See Tracy*, 623 F.3d at 97 (finding use of force reasonable even though plaintiff accidentally slipped on ice during officer's attempt to restrain plaintiff because "our focus is not on [plaintiff]'s motivations but instead on the sequence of events from the perspective of a reasonable officer at the scene."). Plaintiff further testified that when defendants started trying to handcuff him, plaintiff moved to retrieve his headphones that fell out of his ear, while continuing to ask what he did wrong. (Tr. 154:12-155:12.)

The court also notes that the Arrest Report from the incident reports that plaintiff not only resisted arrest, but exhibited violent behavior towards the police officers who were attempting to restrain him, including that the officer observed

plaintiff "pull victims [*sic*] hair and threw [*sic*] her to the ground" and that plaintiff was "refusing to be handcuffed by responding officers, kicking, punching and biting responding officers." (*See* ECF No. 37-3, Def. Decl. Ex. C, NYPD Arrest Report.) Although the court does not consider the Arrest Report for the truth of the matters asserted therein, the court may consider the Arrest Report to determine the state of mind of the arresting officers, and consider the Arrest Report from the perspective of a reasonable officer at the scene regarding whether the use of force against plaintiff was excessive under the circumstances. *See Breeden v. City of New York*, No. 09-cv-4995, 2014 WL 173249, at *5 (E.D.N.Y. January 13, 2014) ("A statement is admissible non-hearsay when it is offered as evidence of the effect of a statement on the listener, the knowledge motivating his actions, or his state of mind at the relevant point in time.") (citing *United States v. Puzzo*, 928 F.2d 1356, 1365 (2d Cir. 1991)); *see also Corcoran v. Higgins*, No. 08-cv-10734, 2010 WL 1957231, at *1 n.1 (S.D.N.Y. May 13, 2010) (finding narrative section of an arrest report admissible to show why officers were conducting a particular investigation).[1]

---

[1] Though not dispositive, the court further notes that as a result of this incident, plaintiff was convicted by a jury of assault in the second degree, obstructing governmental administration in the second degree, and resisting

Viewing these facts from the perspective of the officers at the time of the arrest, the court finds that it was reasonable for defendants, in exercising their "split-second judgment" to perceive plaintiff's ongoing movements while actively resisting being handcuffed, as "non-compliant and threatening behavior." *Tracy*, 623 F.3d at 96-97. Finally, as discussed above, it is undisputed that the police officers ceased utilizing force against plaintiff after both of his hands were placed in handcuffs, and plaintiff has not proffered sufficient evidence to create an issue of fact for trial as to whether the firefighters continued to strike him after he was handcuffed.

Based on the foregoing, the court finds that plaintiff has failed to raise a disputed issue of material fact with respect to his claim of excessive force, and the court therefore adopts and affirms Judge Reyes's recommendation that summary judgment should be granted to defendants on plaintiff's excessive force claims. The court further affirms and adopts Judge Reyes's recommendation that summary judgment should be granted on plaintiff's claim of failure to intervene, due to the

---

arrest. (*See* ECF No. 37-4, Def. Decl. Ex. D, Richmond County Supreme Court Certificate of Disposition.) The assault for which plaintiff was found guilty involved his physical contact with police officers. (*See* Def. 56.1 Stmt. at ¶ 11; Def. Decl. Ex. D.); N.Y. Penal Law § 120.05(3).

above determination that the use of force did not violate plaintiff's constitutional rights, and the fact that plaintiff has failed to demonstrate that any of the defendants had a "realistic chance to intercede" or that they were "tacit collaborators" in unlawful conduct. *See Figueroa v. Mazza*, 825 F.3d 89, 107 (2d Cir. 2016). Indeed, as discussed above, plaintiff has not established that any constitutional violation or other unlawful conduct occurred.

Finally, the court affirms and adopts Judge Reyes's recommendation that summary judgment should be granted with respect to plaintiff's claims against the City. The court adopts and affirms Judge Reyes's recommendation that plaintiff has failed to allege or present evidence from which a jury could find the existence of a policy or custom which caused plaintiff to be denied a constitutional right, as required for a claim of municipal liability under Section 1983. *See Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (citing *Batsita v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)); *see also Santia Arroyo v. The City of New York, et al.*, No. 16-cv-2425, 2017 WL 1087926, at *2 (2d Cir. March 21, 2017) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978)). In addition, the court adopts and affirms Judge Reyes's recommendation on the merits of plaintiff's excessive force claims, as discussed

14

above, with respect to the individual defendants added in the amended complaint, specifically, Sergeant Kalikovic, Officer Davis, and the John Doe defendants.

The court further finds, on *de novo* review, that plaintiff's claims against Sergeant Kalikovic, Officer Davis, and the John Doe defendants are time-barred, and do not relate back under Rule 15 of the Federal Rules of Civil Procedure ("Rule 15"), because plaintiff did not name, or even reference as John Does, these additional defendants until after the statute of limitations had already expired on his Section 1983 claim. "Section 1983 actions in New York are subject to a three-year statute of limitations, running from the time a plaintiff knows or has reason to know of the injury giving rise to the claim." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (internal citations omitted); *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Here, the limitations period began to run on November 8, 2010, the date of the alleged excessive use of force during plaintiff's arrest, and therefore, the limitations period expired on November 8, 2013, the date that the original complaint was filed. Thus, for plaintiff's claims against the additional defendants in his amended complaint to be timely, they would have to relate back to the date of the original complaint under Rule 15. An amended complaint that

"changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original complaint if the claim asserted "arose out of the conduct, transaction, or occurrence" set out in the original complaint, and:

> "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Fed. R. Civ. P. 15(c)(1)(C).

It is well-settled in the Second Circuit that lack of knowledge regarding a defendant's identity does not constitute a "mistake" concerning identity, and an amended complaint adding new defendants does not relate back to the date of the original complaint if the defendants were not originally named because plaintiff did not know their identities at the time that the complaint was filed. *See, e.g., Scott v. Vill. of Spring Valley*, 577 F. App'x 81, 82-83 (2d Cir. 2014); *Hogan*, 738 F.3d at 517-18; *Sherrard v. City of New York*, No. 15-cv-7318, 2016 WL 1574129, at *4 (S.D.N.Y. April 15, 2016). This standard applies equally to *pro se* litigants. *Perez v. New York City Police*, 234

F.3d 1262, 2000 WL 1715248, at *1 (2d Cir. 2000) (quoting *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999)).

In addition, the court finds that the defendants added in plaintiff's amended complaint were not on notice from the original complaint such that the amended complaint would relate back under New York law, which governs under Rule 15(c)(1)(A). *See* Fed. R. Civ. P. 15(c)(1)(A) ("An amendment to the pleading relates back to the date of the original pleading when [ ] the law that provides that applicable statute of limitations allows relation back."); *see also Hogan*, 738 F.3d at 518-19 (finding that "New York state law provides a more forgiving principle of relation back in the John Doe context") (internal quotation marks omitted). Under Section 1024 of the New York Civil Practice Law and Rules ("CPLR"), a plaintiff may proceed against an unknown party "by designating so much of his name and identity as is known," such as by a "John Doe" designation, and may substitute the true identity even after expiration of the limitations period. N.Y. C.P.L.R. § 1024; *see also Hogan*, 738 F.3d at 518-19 ("New York courts have interpreted this section to permit John Doe substitutions *nunc pro tunc*.").

Here, however, plaintiff did not name any "John Doe" defendants in the original complaint, nor did he otherwise indicate that additional defendants, whose identities were

17

unknown at the time, would be named in the future. The court, therefore, finds that even under the more permissive state law standard, plaintiff's claims against the added defendants are time-barred. Finally, the court further notes that the burden is on plaintiff to exercise diligence to uncover the identities of any unknown defendants prior to the expiration of the limitations period. *See Sherrard*, 2016 WL 1574129, at *6 ("[C]ourts have imposed a requirement under CPLR § 1024 that plaintiffs exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name.") (quoting *Hogan*, 738 F.3d at 519) (internal quotation marks omitted). Here, plaintiff filed the original complaint on the last possible day before the statute of limitations expired, and there is no evidence in the record that plaintiff exercised any diligence prior to the expiration of the limitations period, to identify additional defendants by name or otherwise. *See id.* at *6.

Based on the foregoing, the court finds that even if plaintiff had presented sufficient evidence on the merits with respect to his claim of excessive force, plaintiff's claims against the defendants added in the amended complaint would be time-barred.

## **Conclusion**

For the foregoing reasons, and upon *de novo* review, the court affirms and adopts Judge Reyes's well-reasoned R&R in its entirety, and grants defendants' motion for summary judgment. The clerk of court is respectfully directed to enter judgment in favor of defendants, close this case, and send a copy of this Memorandum and Order, the judgment, and an appeals packet to the plaintiff at the address on the docket.

**SO ORDERED.**


Dated:   March 31, 2017
         Brooklyn, New York

                                          /s/
                                   Hon. Kiyo A. Matsumoto
                                   United States District Judge